SULLIVAN *et al. v.* STATE.*

(Division A. Oct. 12, 1925.)

[105 So. 506. No. 24901.]

CRIMINAL LAW. *No conviction of one not named in indictment.*
  Conviction of one, not named in the indictment on which was the trial, cannot stand.

---

*Headnote 1. Indictments and Informations, 31 C. J., Section 226.

APPEAL from circuit court of Simpson county.

HON. W. L. CRANFORD, Judge.

Irby Sullivan and others were convicted of crime, and appeal. Reversed as to Clark; affirmed as to others.

*A. W. Dent,* for appellants.

The court erred in overruling the demurrer to the indictment. This indictment fails sufficiently to inform the defendants of the nature or cause of the accusation against them as required by law. It is so very vague and indefinite in its terms that it is impossible to determine whether the charge is intended as an indictment for an assault or for pointing and aiming a gun. It is not stated whether the "gun" was a toy gun, pop gun, or what kind of a gun, etc. It does not charge an assault for the reason it fails to state the acts constituting the offense of an assault.

The indictment is not good, violating section 1045, Code of 1906, as it does not allege that said gun was pointed or aimed at the said H. J. Sullivan, not in the self defense of the defendants as is required for a valid indictment under said section. It does not directly charge that the guns were pointed or aimed at the said H. J. Sullivan; such charge is made only by indirection and inference, and cannot therefore be sustained as an indictment for pointing or aiming a gun; neither is it sufficient for an indictment for an assault which is a common-law offense recognized by our statutes, for the reason as above stated, it does not set forth the acts that constitute the offense of an assault as required by law. It is the invariable rule in criminal law that the specific acts necessary to constitute the crime must be positively and directly alleged in the indictment. *Breland* v. *State,* 31 So. 104; *State* v. *Jinkins,* 19 So. 206.

We insist that the indictment does not sufficiently advise the defendants of the nature of the accusation

against them, and that the demurrer should have been sustained.    .

*J. L. Byrd,* Assistant Attorney-General, for the state.

The indictment in this case is one of the most peculiar it has ever been the writer's privilege to see. The record, page 4, shows that the indictment is in the following words: "The grand jurors for the state of Mississippi, elected empanelled, sworn and charged, in and for Simpson county, state aforesaid, in the name and by the authority of the said state of Mississippi, upon their oath, presents that Alex Sullivan, Irby Sullivan, and et al.; on the—— day of Feb., 1923, in Simpson county aforesaid, did then and there unlawfully and wilfully make an assault upon one H. J. Sullivan, with said guns and did then and there unlawfully and wilfully with said guns the said H. J. Sullivan threaten, abuse, intimidate and march along the road at the point of said guns. Against the peace and dignity of the state of Mississippi.
"R. C. RUSSELL, District Attorney."

The court will note two strikingly remarkable things about this indictment. One of them is that Jim Clark, one of the parties who was convicted and who has appealed to this court is not mentioned from beginning to end of the indictment, the indictment merely charging "Alex Sullivan, Irby Sullivan and et al.," and the indictment is said to be an indictment for assault.

Another remarkable thing in this case is that a demurrer was filed, as will be seen by reference to a certified copy in the record, but nowhere in the demurrer is any mention made of the fact that the name of Jim Clark does not appear in the indictment. We asked this court for *certiorari* in this case for the original indictment and the same was sent up, and the clerk made response by saying that the original indictment was lost but he sent a certified copy of the secret record of indictments

which contains identically the same wording as the original indictment as appears from the record.

In view of these things, of course we see no way to save the state's case as to Jim Clark inasmuch as his name does not appear on the indictment anywhere.

As to Alex Sullivan and Irby Sullivan we submit the proof is sufficient to sustain the conviction for assault. The controverted question of fact was submitted to the jury and they found against the appellants, the two Sullivans, and we submit that on the record their finding cannot be disturbed, because the court cannot say that the finding was so erroneous as to evidence passion or prejudice.

SMITH, C. J., delivered the opinion of the court.

There is no error in any of the assignments of error, except as to Jim Clark. His name does not appear in the indictment on which the appellants were tried, and the attorney-general correctly admits that, as to him, the judgment must be reversed, and he will be discharged.

Reversed as to appellant Clark; affirmed as to other appellants.

*Reversed.*
*Affirmed.*